# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ASHENAFI GERRE ABERHA,<br><br>　　　　　　Petitioner,<br>　v.<br>WILLIAM GITTERE, *et al*.,<br><br>　　　　　　Respondents. | Case No. 3:20-cv-00524-LRH-WGC<br><br>**ORDER** |

This habeas matter is before the Court on Petitioner Ashenafi Gerre Aberha's renewed Motion for Appointment of Counsel (ECF No. 11).

There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). The Criminal Justice Act (CJA), 18 U.S.C. § 3006A, allows an indigent petitioner to request appointed counsel to pursue habeas relief. *Id.* § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* § 3006A(a)(2) (authorizing appointment of counsel "when the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he is incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

Aberha's petition challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. Aberha*, Case No. C-13-291183-1.[1] His first motion requesting the appointment of federal habeas counsel was submitted on a prison form with no case-specific facts to justify the appointment counsel. (*See* ECF No. 1-2.) The Court denied the motion, finding that Aberha demonstrated sufficient ability to write and

---

[1] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts, which are accessible at www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

1

articulate his claims, the petition is sufficiently clear in presenting his claims, and the issues in this case are not particularly complex. (ECF No. 8 at 2.) Accordingly, he did not establish that the interests of justice required the appointment of counsel. (*Id.*)

Aberha's renewed motion provides significant facts supporting his request. (ECF No. 11 at 3–4.) The motion states that he is from Ethiopia, he did not attend school in the United States, he needed an interpreter in the state court proceedings based on his limited understanding of the English language, and his filings in this case were written with the assistance of another inmate. Given these circumstances, Aberha once again asks for appointed counsel.

Upon review of the state court record, as well as the new details provided in the renewed motion, the Court finds that a denial of counsel would amount to a denial of due process. The state court record shows that Aberha's criminal proceedings were paused for multiple competency evaluations and he was treated at Lakes Crossing for several months pursuant to an order of commitment. Additionally, his English language limitations required the use of an interpreter at each court appearance and the trial. Aberha's possible mental health issues, limited education and understanding of the English language, inability to articulate his claims without inmate assistance, and lengthy prison sentence collectively demonstrate that this is a complex case and inmate assistance is unlikely to prevent the denial of due process.

The CJA provides that a habeas petitioner must demonstrate financial eligibility in all circumstances where the court appoints counsel. 18 U.S.C. § 3006A(a)(1) (counsel "shall be provided for any *financially eligible person*" (emphasis added)).[2] Here, the Court denied Aberha's Application to Proceed *In Forma Pauperis* ("IFP") (ECF No. 1) based on the amount of money in his inmate trust account and average monthly deposits. (ECF No. 4.) However, his ability to pay the $5.00 filing fee does not show that he can afford counsel to litigate this case. For the purposes

---

[2] A petitioner must maintain financial eligibility during the entire representation:

> If at any time after the appointment of counsel the United States magistrate judge or the court finds that the person is financially able to obtain counsel or to make partial payment for the representation, it may terminate the appointment of counsel or authorize payment as provided in subsection (f), as the interests of justice may dictate….

18 U.S.C. § 3006A(c).

of appointing counsel under the CJA, the Court finds that Aberha's IFP application sufficiently demonstrated financial eligibility.

The Court thus grants Aberha's renewed motion and provisionally appoints the Federal Public Defender's Office as counsel. Accordingly, Respondents' response deadline is vacated and a briefing schedule will be entered after counsel makes an appearance.

**IT IS THEREFORE ORDERED:**

1. Petitioner Ashenafi Gerre Aberha's renewed Motion for Appointment of Counsel (ECF No. 11) is GRANTED.

2. The deadline for Respondents to respond to Aberha's Petition for Writ of Habeas Corpus (ECF No. 9) is VACATED pending further order of the Court.

3. The Federal Public Defender is provisionally appointed as counsel and will have 30 days to undertake direct representation of Aberha or to indicate the office's inability to represent Aberha in these proceedings. If the Federal Public Defender is unable to represent Aberha, the Court will appoint alternate counsel. The counsel appointed will represent Aberha in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 90 days from entry of the formal order of appointment.

4. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Aberha at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

///

///

5. The Clerk of Court is instructed to send a copy of this order to the *pro se* petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

DATED this 5th day of February, 2021.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE